UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

KASOMBOLA ARTHUR KALONZO,

                Petitioner,

  -against-                                    04-CV-1275
                                                          (LEK)

UNITED STATES OF AMERICA,

                Respondent.

---

## **MEMORANDUM – DECISION AND ORDER**

Petitioner Kasombola Arthur Kalonzo ("Petitioner" or "Kalonzo") now moves the Court for the following relief: pursuant to 28 U.S.C. § 2255, to vacate his sentence and conviction, (Dkt. No. 3) or in the alternative, to order an evidentiary hearing. (Dkt. No. 12). The United States of America, as Respondent, opposes these motions.

### **BACKGROUND**

Petitioner entered the United States on November 9, 1984, as a child of a non-immigrant visitor, for a period not to exceed six months. (Dkt. No. 10). He stayed in the United States beyond the expiration of his visa and later made an asylum request. (<u>Id.</u>). In 1987, Petitioner's asylum request was denied and he was directed to depart the United States. (<u>Id.</u>). He did not depart as directed.

On June 24, 1994, Petitioner was ordered deported by an Immigration Judge, but did not appear for his removal. (<u>Id.</u>). He did not appeal the deportation order. (<u>Id.</u>). In 2001, Petitioner was convicted of a firearms offense in Bronx County, New York, and was sentenced to a term of

imprisonment of two years.  (Id.).  On April 23, 2002, he was physically removed and deported to his native Democratic Republic of Congo after he was paroled to Immigration and Naturalization Service by New York State Corrections.  (Id.).

Following the deportation, Petitioner attempted to return to the United States.  (Id.).  On or about May 1, 2003, Petitioner was encountered by officers at the Port of Entry in Champlain, New York.  (Id.).  Petitioner was a passenger in a motor vehicle, and presented a counterfeit New York City birth certificate and a New York State driver's permit, both in his name, and claimed to be a United States citizen born in New York.  (Id.).  The officers determined that he was attempting to enter the United States following deportation without the express permission of the United States Attorney General, or the Secretary of Homeland Security, and was therefore in violation of 8 U.S.C. § 1326.  (Id.).

On May 8, 2003, a federal grand jury returned a two count indictment against Petitioner charging him with reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2), and false claim of United States citizenship, in violation of 18 U.S.C. § 911.  (Id.).

On June 20, 2003, Petitioner entered an unconditional guilty plea to count one of the indictment.  (Id.).  Petitioner was sentenced on October 30, 2003.  (Id.).  Although his guideline range was determined to be 46-57 months, he was granted a downward departure and was sentenced to a term of 30 months.  (Id.).  No appeal was filed.  (Id.).

On or about October 29, 2004, Petitioner filed the instant motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Id.).

## DISCUSSION

Petitioner specifically makes six allegations in his petition. (Dkt. No. 3). Petitioner's first claim of error is that his attorney, Assistant Federal Public Defender Paul J. Evangelista, failed to mention that the Immigration Judge did not advise Petitioner of his right to file for discretionary relief from deportation. Petitioner's second claim of error is that Attorney Evangelista should have discovered that Petitioner was allowed to participate in a deportation hearing on his own when he was a juvenile, and that he was incapable of understanding the nature and purpose of the hearing. He asserts that had he been provided with an adult or attorney to assist him in the matter, he might have been able to properly argue that he be allowed to stay in the United States. The third claim of error is that Attorney Evangelista should have discovered that the Immigration Judge did not follow the applicable regulations to ensure that Petitioner's right to counsel was protected under 8 CFR § 242.16(a), which led to a denial of due process. The fourth claim of error is that Attorney Evangelista should have obtained transcripts through discovery that would have shown that the Immigration Judge failed to affirmatively advise Petitioner of his right to seek asylum. The fifth claim of error is that Attorney Evangelista should have discovered that Petitioner did not knowingly and intelligently waive his right to be represented by counsel at the first deportation proceeding, and the failure of the Immigration Judge to ensure that Petitioner was waiving such right led to an unintelligent abandonment and a unintentional relinquishment of a known right or privilege. Finally, Petitioner's sixth claim of error is that Attorney Evangelista never challenged the classification of Petitioner's attempted sale of a controlled substance in the third degree as an aggravated felony for the purpose of

3

deportation at the time of that conviction, and that should not have been considered such retroactively based on new law (the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208 (1996)) enacted after such conviction.

Each of Petitioner's claims relates to the propriety of his prior deportation hearing. However, a § 2255 motion is not the proper procedure for such a challenge. A motion pursuant to § 2255 can only be brought to contest the present conviction for reentry of a removed alien. Furthermore, when a Petitioner pleads guilty, the scope of a § 2255 motion is limited to addressing whether the plea was unknowing and involuntary. "A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). A Petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards. . . ." Tollett v. Henderson, 411 U.S. 258, 258 (1973).

Petitioner's plea of guilty to a violation of 8 U.S.C. § 1326(a) was knowing and voluntary. At the time of the plea, Petitioner was advised and questioned regarding the consequences of a plea and willingness to plead guilty, and Petitioner answered in the affirmative. (Dkt. No. 11). When asked if he spoke with Attorney Evangelista about the consequences of pleading guilty, and whether Petitioner fully discussed the charges with Attorney Evangelista, Petitioner answered in the affirmative. (Id.). Petitioner further stated that he understood that his plea of guilty constituted a waiver of his right against self-incrimination, waiver of his appeal rights, and that by pleading guilty he was in fact guilty of the charges made

against him. (Id.). The Second Circuit has stated that a "criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (internal citations and quotation marks omitted). Petitioner has not presented evidence to overcome this presumption. Petitioner's statements make it clear that he understood the nature of the charges against him and the consequences of a plea, and therefore, had knowingly and voluntarily entered his plea of guilty.

Futhermore, there is no basis for Petitioner's ineffective assistance of counsel claim in regards to his conviction for reentry. When a petitioner claims ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 669 (1984). To show prejudice, the movant must demonstrate that he did not understand the consequences of his plea, or that, if he had been properly advised, he would not have pled guilty. Lucas v. United States, 963 F.2d 8, 12 - 13 (2d Cir. 1992).

Attorney Evangelista provided an affidavit, (Dkt. No. 10), describing the representation he provided to Petitioner and the communication he had with Petitioner concerning the underlying deportation hearing and the present conviction. "Prior to entering his plea of guilty, Mr. Kalonzo was fully advised of the nature of the charges and all of his rights pertaining to those charges afforded him under our system of justice." (Id.). Attorney Evangelista stated that "[a]ny issues surrounding [Petitioner's] prior deportation were fully discussed with him prior to

his decision to plead guilty." (Id.). "In a letter dated September 24, 2003, pursuant to Mr. Kalonzo's request, all immigration documents were provided to him [and he] never questioned that advise [sic] he was given, nor raised any additional issues based on the immigration paperwork that was provided to him." (Id.).

Attorney Evangelista's actions were reasonable and provided Petitioner with effective assistance of counsel. Not only does Attorney Evangelista describe his representation of Petitioner, but Petitioner sent a letter to Attorney Evangelista expressing his thanks for the effort he put forth in his case. (Dkt. No. 10 Exhibit C). These statements, coupled with Petitioner's assertions at his plea allocution, show that he was provided with effective assistance of counsel in entering his plea.

## CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Petitioner's motion to vacate, set aside, or alter his sentence is **DENIED**, and it is further

ORDERED that Petitioner's motion for this court to have an evidentiary hearing is **DENIED**; and it is further

ORDERED that the Clerk serve a copy of this Order on all parties.

IT IS SO ORDERED.

Dated: May 04, 2005

Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge